UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOHN THAI,

                Plaintiff,

      -against-

COLLECTO, INC., d/b/a EOS/CCA
& NEW YORK INSTITUTE OF TECHNOLOGY

                Defendants.
-----------------------------------------------------------------

Civil Action No.:

**11 CIV 9318**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff JOHN THAI ("Plaintiff"), by and through his attorneys, LAW OFFICES OF

ALLISON POLESKY, P.C., as and for his Complaint against the Defendants COLLECTO, INC.,

d/b/a EOS/CCA ("EOS/CCA") & NEW YORK INSTITUTE OF TECHNOLOGY ("NYIT" or

collectively with EOS/CCA "Defendants"), respectfully sets forth, complains and alleges, upon

information and belief, the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and

injunctive relief arising from the Defendants violations of §1692 et seq. of Title 15 of the United

States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), New

York General Business Law §349 and Consumer Protection Law Regulations Part 6 § 5-77 of the

New York City Unfair and Deceptive Trade Practices Act.

## PARTIES

2.      Plaintiff is a resident of the State of New York, residing at 516 W. 47th St., Apt S4C,

New York, NY 10036.

3.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.      Defendant EOS/CCA is a Massachusetts company engaged in business of collecting

debts with its principal place of business located at 700 Longwater Drive, Norwell, MA 02061.

5.    Defendant NYIT is a post-secondary educational institution organized and existing under the laws of the State of New York. NYIT's principal place of business is Northern Boulevard, Old Westbury, New York. NYIT has campuses in Old Westbury, Central Islip and New York City.

6.    Defendants are a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

8.    The Court has supplemental jurisdiction over any and all state and local law claims in this action pursuant to 28 U.S.C. §1367(a).

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11.    At some time during 2005, Plaintiff enrolled in a brand new online MBA program purportedly offered by Defendant NYIT.

12.    Upon information and belief, sometime during 2005, Defendant NYIT, either directly or through intermediate transactions, transitioned from NYIT to Ellis College then to Ellis University and finally to Cardean University.

13.    During this time, Plaintiff was never informed or with knowledge that Defendant NYIT, either directly or through intermediate transactions, would transition from NYIT to Ellis College then to Ellis University and finally to Cardean University.

14.     During the late summer of 2005, the education at NYIT became subpar and unacceptable causing Plaintiff to formally withdraw from NYIT.

15.     Upon information and belief, in approximately January 2006, Plaintiff found out that rather than withdrawing Plaintiff from NYIT that Defendant NYIT had in fact enrolled Plaintiff in four (4) graduate classes without Plaintiff's knowledge, express consent and without having signed any documentation to the effect.

16.     As a result of Defendant NYIT's actions, NYIT received Federal Stafford Loans for the four (4) graduate classes.

17.     As a result of Defendant NYIT's actions in enrolling Plaintiff in the four (4) graduate classes rather than withdrawing Plaintiff from the program, Plaintiff received two (2) F's and two (2) withdrawals.

18.     As such, Defendant NYIT returned the Federal Stafford Loans to the original lender.

19.     Defendant NYIT immediately began efforts to recover and collect the Federal Stafford Loans from Plaintiff.

20.     From 2005 to present, Plaintiff has repeatedly requested and demanded that Defendant NYIT and all subsequent parties in interest provide proof of course registration, enrollment documentation and promissory notes signed such that Plaintiff is liable on the alleged debt.

21.     From 2005 to present, Defendant NYIT has refused and/or failed to comply with Plaintiff's requests and demands.

22.     Plaintiff refused to pay Defendant NYIT on the alleged debt for the foregoing reasons during both 2005 and 2006.

23. Despite being with actual knowledge of the foregoing, Defendant NYIT continued its attempts at collecting the alleged debt by directing third party debt collectors to contact Plaintiff to demand payment.

24. During July 2009, despite being with actual knowledge of the foregoing, Defendant NYIT directed Enterprise Recovery Systems, Inc., a third party debt collector, to contact Plaintiff to demand payment on the alleged debt.

25. Plaintiff again refused to pay the alleged debt to Defendant NYIT, Enterprise Recovery Systems, Inc. and the NYC Department of Consumer Affairs and further demanded proof of the alleged debt.

26. Defendant NYIT again refused and/or failed to comply with Plaintiff's requests and demands and rather "closed" the alleged debt with Enterprise Recovery Systems, Inc. without further explanation.

27. On information and belief, on a date better known to the Defendants, NYIT, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to EOS/CCA for collection ("the alleged debt").

28. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

29. During September 2011, despite being with actual knowledge of repeat and ongoing disputes regarding the validity of the alleged debt, Defendant NYIT again directed a third party debt collector, EOS/CCA, to contact Plaintiff to demand payment on the alleged debt.

30. On information and belief, on a date better known to the Defendants, Defendant EOS/CCA began their attempt at collecting the alleged debt from the Plaintiff by sending a collection letter dated September 13, 2011 ("letter").

31. Upon information and belief, Defendant's letter is the initial communication directed at Plaintiff by Defendant.

32.     As such, Defendant's letter contains a 30-day validation notice as required by 15 U.S.C. § 1692g.

33.     Defendant's letter states in relevant part, "This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt".

34.     Defendant's letter goes on to state in relevant part, "We may report information about your account to credit bureaus".

35.     Defendant overshadowed and "trumped" the debt verification and validation period commencing on or about September 13, 2011 by purportedly threatening to report the alleged debt to the credit bureaus during the 30-day debt verification and validation period.

36.     At some time during September 2011, Defendant EOS/CCA did in fact report the alleged debt to the credit bureaus.

37.     Defendant EOS/CCA in fact reported the alleged debt to the credit bureaus during the 30-day debt verification and validation period.

38.     Defendant EOS/CCA again overshadowed and "trumped" the debt verification and validation period commencing on or about September 13, 2011 by reporting the alleged debt to the credit bureaus during the 30-day debt verification and validation period.

39.     Due to numerous disputes and refusals to pay directed toward Defendant NYIT and other subsequent parties in interest, Defendants know or should have reason to know the alleged debt is disputed upon placement of the alleged debt by NYIT with EOS/CCA.

40.     Defendants threatened to communicate and actually did communicate credit information which is known or which should be known to be false.

41.     On or about September 22, 2011, Defendant EOS/CCA placed at least two (2) telephone calls to Plaintiff.

42.     On or about September 23, 2011, Plaintiff placed a telephone call to Defendant EOS/CCA demanding proof of the alleged debt and also that Defendant cease and desist from all telephone calls immediately.

43.     Plaintiff followed up the September 23, 2011 telephone call by sending the foregoing demands in writing via facsimile and mail to Defendant EOS/CCA.

44.     Despite Plaintiff's cease and desist letter and a timely demand for proof the alleged debt, Defendant EOS/CCA continued to place automated telephone calls to Plaintiff on September 26, September 27, September 28, and September 29, 2011.

45.     On or about September 26, September 27, September 28, and September 29, 2011, Plaintiff again demanded proof of the alleged debt and also that Defendant EOS/CCA cease and desist from all telephone calls immediately verbally and in writing via facsimile and mail.

46.     Defendant continued to communicate with Plaintiff despite being on written and verbal notice that Plaintiff refuses to pay and disputes the alleged debt.

47.     On or about October 3, 2011, Defendants mailed to Plaintiff a "ledger card" which purports to be proof of the alleged debt.

48.     Upon information and belief, such "ledger card" is fraudulent and falsified document produced solely for the purposes of collections and collecting the alleged debt.

49.     Defendant placed several telephone calls a day to Plaintiff in an attempt to collect the alleged debt.

50.     Defendant placed several telephone calls a day to Plaintiff in an attempt to collect the alleged debt despite knowledge of the foregoing.

51.     Defendants actions constitute abuse and harassment.

52.     Defendants actions are false, deceptive, misleading and unfair.

53.     Plaintiff suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

54.     Because Plaintiff advised NYIT in writing on many occasions that Plaintiff disputed and refused to pay the alleged debt and demanded proof and validation thereof prior to EOS/CCA receiving the alleged debt, they knew or should have known from NYIT that the alleged debt has been disputed by Plaintiff and further that Plaintiff refuses to pay and is demanding proof.

55.     Defendant NYIT knew or had reason to know that Plaintiff disputed and refused to pay the alleged debt and demanded proof and validation thereof.

56.     Defendant NYIT acted unfairly and in bad faith when it transferred all relevant information regarding Plaintiff and the alleged debt to its debt collector but failed to inform the debt collector that Plaintiff disputed and refused to pay the alleged debt and demanded proof and validation thereof.

57.     Defendant NYIT is additionally liable for the acts of its independent debt collection agents. West v. Costen, 558 F.Supp. 564, 573 (W.D.Vir.1983). *See also*, Martinez v. Alberquerque Collection Services, 867 F.Supp. 1495 (U.S.D.C. N.M.1994).

58.     As a direct consequence of Defendants actions and conduct, Plaintiff suffered and continues to suffer from actual damages which includes but may not be limited to great personal humiliation, embarrassment, mental anguish, stress, anger, frustration, fear, and emotional distress.

59.     Therefore due to Defendants actions Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

60.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "59" herein with the same force and effect as if the same were set forth at length herein.

61.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff

violate various provisions of the FDCPA, including but not limited to the following:

    a.    <u>15 U.S.C. §1692c(c)</u>.

    b.    <u>15 U.S.C. §1692d-preface</u>, <u>(5)</u> and <u>(6)</u>.

    c.    <u>15 U.S.C. §1692e-preface</u>, <u>(2)</u>, <u>(5)</u>, <u>(6)</u>, <u>(8)</u>, <u>(10)</u>, <u>(11)</u>.

    d.    <u>15 U.S.C. §1692f-preface</u>, <u>(1)</u> and <u>(5)</u>.

    e.    <u>15 U.S.C. §1692g</u>.

62.    As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

63.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "62" herein with the same force and effect as if the same were set forth at length herein.

64.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Busisness Law §349(a).

65.    As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## THIRD CAUSE OF ACTION
## NEW YORK CITY UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
## CONSUMER PROTECTION LAW REGULATIONS PART 6 § 5-77

66.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "65" herein with the same force and effect as if the same were set forth at length herein.

67.     Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated the Rules of the City of New York Department of Consumer Affairs (6 RCNY) § 5-77, including but not limited to the following:

a.      § 5-77(b)(1)(iv) and (4).

b.      § 5-77(c)-preface, (4) and (6).

c.      § 5-77(d)-preface, (4), (12), (14), (15) and (17).

d.      § 5-77(e)-preface, (1), (3), (6), and (8).

e.      § 5-77(f).

68.     As a result of Defendants above violations of the New York City Unfair and Deceptive Trade Practices Act, the Plaintiff and class have been damaged and are entitled to damages in accordance with the New York City Unfair and Deceptive Trade Practices Act

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JOHN THAI demands judgment from the Defendants COLLECTO, INC., d/b/a EOS/CCA & NEW YORK INSTITUTE OF TECHNOLOGY as follows:

A.      For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.      For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.      For any and all attorneys' fees, filing fees, service of process fees, court costs and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.      For actual damages, trebled, pursuant to New York State General Busisness Law §349.

E.      For damages under Consumer Protection Law Regulations Part 6 § 5-77.

F.      Nominal damages;

G.      A declaration that the Defendant's practices violated the FDCPA, New York

State General Busisness Law §349 and Consumer Protection Law Regulations Part 6 § 5-77.

H.    For an award of pre-judgment interest on all sums awarded and/or collected;

I.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff JOHN THAI hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:        December 16, 2011

Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff JOHN THAI